UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO | : | |
| | : | CASE NO.    4:26-cv-609 |
| 6800 North High Street | : | JUDGE _____ |
| Worthington, Ohio 43085, | | |
| | : | |
| and | | COMPLAINT TO COMPEL ARBITRATION |
| | : | |
| LOCAL 2804, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO | : | |
| c/o 6800 North High Street | : | |
| Worthington, Ohio 43085, | | |
| | : | |
| and | : | |
| | | |
| UNITED NURSES OF AMERICA, LOCAL 2026, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO | : | |
| | : | |
| c/o 6800 North High Street | : | |
| Worthington, Ohio 43085, | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| -vs- | : | |
| | | |
| INSIGHT FOUNDATION OF HILLSIDE d/b/a INSIGHT HOSPITAL AND MEDICAL CENTER HILLSIDE | : | |
| | : | |
| 1350 East Market Street | : | |
| Warren, Ohio 44482, | | |
| | : | |
| **Also serve** | | |
| **Baseer Tajuddin** | : | |
| Statutory Agent | | |
| 1350 East Market Street | : | |
| Warren, Ohio 44482, | | |

-1-

|  |  |
| --- | --- |
| and | : |
|  | : |
| **INSIGHT FOUNDATION OF TRUMBULL d/b/a INSIGHT HOSPITAL AND MEDICAL CENTER TRUMBULL** | : |
| 1350 East Market Street Warren, Ohio 44482, | : |
|  | : |
| **Also serve** **Baseer Tajuddin** | : |
| Statutory Agent 1350 East Market Street | : |
| Warren, Ohio 44482, | : |
|  | : |
| Defendants. | : |

## JURISDICTION

1. This claim arises under the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 141 et seq. Jurisdiction over claims of violations of collective bargaining agreements between employers and labor organizations is conferred on this Court by 29 U.S.C. 185.

2. The actions giving rise to this dispute occurred within the City of Warren, County of Trumbull, Ohio, within the Northern District of Ohio, Eastern Division, and within the venue of this Court.

## PARTIES

3. Plaintiffs Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO (Ohio Council 8); Local 2804, American Federation of State, County and Municipal Employees, AFL-CIO (Local 2804); and United Nurses of America, Local 2026, American Federation of State, County and Municipal Employees, AFL-CIO (Local 2026) are labor organizations within the meaning of 29 U.S.C. 152(5) and are the exclusive bargaining

-2-

representatives for certain employees of Defendants Insight Foundation of Hillside and Insight Foundation of Trumbull.

4. Ohio Council 8 and Local 2804 represent a bargaining unit of employees who were employed at Defendants' facilities located at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately two-hundred forty-two (242) employees in the classifications Biomedical Technician II, Certified Nursing Assistant, Certified Sterile Prep Technician, Coder I, Cook, Coordinator of Patient Services, Department Secretary, Driver, EKG Technician, Electrician I, Emergency Department Technician, EVS Supervisor, Facilities Coordinator, Food and Service Worker, General Clerk, HIM Tech ROI, Housekeeping, HVAC Technician II, Inpatient Pharmacy Technician Operator, Maintenance Mechanic I, Maintenance Mechanic II, Monitoring Technician, Operating Room Technician, Patient Access Representative, PCT, Periop Information System Assistant, Pharmacy Technician, Phlebotomist, Receiving Clerk, Receptionist, Scheduler, Support Technician, Transporter II, and Unit Clerk.

5. Ohio Council 8 and Local 2026 represent a bargaining unit of employees who were employed at Defendants' facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred eight-five (185) employees in the classifications of ER Case Manager, Lead Case Manager, Nursing Educator, Resource Nurse, RN Case Manager, RN Charge Nurse, RN Level I, and RN Navigator.

6. Defendants Insight Foundation of Hillside and Insight Foundation of Trumbull are corporations authorized to do business in the State of Ohio and at all times relevant to this action

have been engaged in commerce and in an industry affecting commerce as defined in 29 U.S.C. 152(6) and (7).

## STATEMENT OF THE CLAIMS

7. Ohio Council 8, Local 2804, and Steward Health Care were parties to a collective bargaining agreement establishing wages, hours, and terms and conditions of employment for bargaining unit employees, which collective bargaining agreement was adopted by Defendants and has governed the terms and conditions of employment of the covered employees. An exact copy of that collective bargaining agreement is attached and made a part hereof as Exhibit 1. Defendants' agreement to adopt the collective bargaining agreement and extend the terms to June 30, 2025 is attached and made a part hereof as Exhibit 2.

8. Ohio Council 8, Local 2026, and Steward Health Care were parties to a collective bargaining agreement establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which collective bargaining agreement was adopted by Defendants and has governed the terms and conditions of employment of the covered employees. An exact copy of that collective bargaining agreement is attached and made a part hereof as Exhibit 3. Defendants' agreement to adopt the collective bargaining agreement and extend the terms to January 31, 2025 is attached and made a part hereof of as Exhibit 4. The parties' agreement to enter into a successor collective bargaining agreement that "rolled over" the terms of the prior collective bargaining agreement with changes to wages is attached and made a part hereof of as Exhibit 5. The current collective bargaining agreement expires November 1, 2027. Exhibit 5.

9. Both of the collective bargaining agreements between Plaintiffs and Defendants includes a grievance procedure at Article 10, which provides in part hereof, "the term 'grievance' is defined as an alleged breach of a provision or the application of a provision of this Agreement between the

Medical Center and the Union or between the Medical Center and an employee. . . ." Exhibit 1 at p. 9 (Art. 10 Sec. 1); Exhibit 3 at p. 9 (Art. 10 Sec. 1).

10. Both of the collective bargaining agreements between Plaintiffs and Defendants provide that the grievance procedures culminate in "final, conclusive, and binding" arbitration. Exhibit 1 at p. 11 (Art. 11 Sec. 2); Exhibit 3 at p. 11 (Art. 11 Sec. 2).

11. Effective March 28, 2025, Defendants closed its facilities in Trumbull County, Ohio, resulting in the layoff of hundreds of Defendants' employees.

12. On April 2, 2025, grievances were filed by officers of Local 2804 and Local 2026 alleging Defendants' conduct with respect to the March 28, 2025 closures and layoffs violated the collective bargaining agreements. The grievances alleged Defendants violated the collective bargaining agreements by conduct including failing to provide sufficient notice layoffs, failing to have maintained accurate accruals of earned but unused vacation, and failing to pay out earned but unused vacation accruals.

13. Among the grievances filed by Local 2804 on April 2, 2025 was a grievance filed by Local 2804 Vice President Christopher Ayres alleging Defendants violated Article 34, Vacations, by failing to maintain accurate unused vacation accruals and failing to pay out unused vacation to Local 2804 employees (Local 2804 grievance). An exact copy of that grievance is attached and made a part hereof as Exhibit 6. The grievance was later amended to include the allegation that Defendants violated provisions of Articles 14, Layoff and Recall, of the collective bargaining agreement. A copy of the letter from Ohio Council 8 Regional Director Deborha Bindas memorializing the amendment is attached and made a part hereof as Exhibit 7.

14. One of the grievances filed by Local 2026 on April 2, 2025 was a grievance filed by Local 2026 Vice President Vanessa Satterthwaite alleging Defendants violated Article 14, Layoff

and Recall, by failing to provide members of the Local 2026 bargaining unit a minimum of two (2) weeks notice of layoffs and the reason for the March 28, 2025 layoffs (Local 2026 grievance). The remedies requested in the grievance included vacation pay per the collective bargaining agreement. An exact copy of that grievance is attached and made a part hereof as Exhibit 8. The grievance was later amended to include the allegation that Defendants violated Article 31, Vacations, of the collective bargaining agreement. A copy of the letter from Ohio Council 8 Regional Director Deborha Bindas memorializing the amendment is attached and made a part hereof as Exhibit 7.

15. The grievances referred to in Paragraphs 13 and 14 of this Complaint were processed through the contractual grievance procedure. Plaintiffs advanced the grievances to arbitration by submitting them to the Federal Mediation and Conciliation Service (FMCS) on or around September 15, 2025. Copies of the FMCS correspondence and panels and case information printout for FMCS Case Number 250915-09636 (the Local 2804 grievance) are attached and made a part hereof as Exhibits 9-A and 9-B, respectively. Copies of the FMCS correspondence and panels and case information printouts for FMCS Case Number 250915-09641 (the Local 2026 grievance) are attached and made a part hereof as Exhibits 10-A and 10-B, respectively.

16. Notwithstanding the obligation to process the Local 2804 grievance to and through the arbitration procedure, on September 23, 2025, Defendants, through their labor relations representative Rhett Cavicchi, notified Ohio Council 8 Regional Director Deborha Bindas that Defendants were "not consenting to arbitrate any grievance filed on behalf of Local 2804 given that the current CBA has expired." A copy of the email exchange between Bindas and Cavicchi dated September 23, 2025, including the email sent from Cavicchi to Bindas that day, is attached and made a part hereof as Exhibit 11.

17. Since on or around September 23, 2025, including on November 25, 2025, December 10, 2025, January 5, 2026, February 9, 2026, and March 9, 2026, Ohio Council 8 Regional Director Deborha Bindas has submitted repeated requests to Defendants to strike arbitrators to hear the grievances referred to in Paragraphs 13 and 14 of the Complaint.

18. Notwithstanding the obligation to process the Local 2804 grievance to and through the arbitration procedure, at all times since on or around September 23, 2025, Defendants have failed to strike arbitrators and otherwise process the Local 2804 grievance to and through the arbitration procedure.

19. Notwithstanding the obligation to process the Local 2026 grievance to and through the arbitration procedure, at all times since on or around September 23, 2025, Defendants have failed to strike arbitrators and otherwise process the Local 2026 grievance to and through the arbitration procedure.

20. Defendants' conduct in refusing to comply with the contractually mandated arbitration procedures is willful, wanton, in bad faith, and in complete disregard of its obligations under the collective bargaining agreements, thereby entitling Plaintiffs to punitive damages and attorney fees.

**WHEREFORE**, Plaintiffs pray that this Court provide the following relief:

(A) An order from this Court requiring Defendants to immediately comply with the contractually mandated arbitration procedures and to proceed to arbitration on the aforementioned grievances;

(B) An order from this Court requiring Defendants to pay to Plaintiffs punitive damages and attorney fees in an amount the Court deems just and proper for Defendants' willful, wanton, and

bad faith refusal to comply with the terms and conditions of the collective bargaining agreements between the parties;

(C) An order from this Court requiring Defendants to pay all costs of this litigation, including Court costs and reasonable attorney fees, for Defendants' bad faith refusal to comply with the terms of the collective bargaining agreements; and

(D) An order from this Court granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michelle R. Evans
Kimm A. Massengill-Bernardin (0059292)
General Counsel
Michelle R. Evans (0075124)
Associate General Counsel
Ohio Council 8, AFSCME, AFL-CIO
6800 North High Street
Worthington, Ohio 43085
(614) 841-1918
(614) 430-7960 (fax)
kmassengillbernardin@afscme8.org
mevans@afscme8.org

Attorneys for Plaintiffs Ohio Council 8, AFSCME, AFL-CIO; Local 2804, AFSCME, AFL-CIO; and United Nurses of America, Local 2026, AFSCME, AFL-CIO

## Certificate of Service

The undersigned hereby certifies that on this 16th day of March 2026 the foregoing is being electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michelle R. Evans
Michelle R. Evans (0075124)